Rachel E. Kaufman
KAUFMAN P.A.
237 S Dixie Hwy, Floor 4
Coral Gables, FL 33133
Telephone: (305) 469-5881
Email: Rachel@kaufmanpa.com

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

ALEX DENNERY, individually and on behalf of all others similarly situated,

*Plaintiff*,

*v.*

TF GROUP, LLC, a California company,

*Defendant.*

Case No.

**CLASS ACTION COMPLAINT**

**DEMAND FOR JURY TRIAL**

**ACTION SEEKING NATIONWIDE RELIEF**

## CLASS ACTION COMPLAINT

Plaintiff Alex Dennery ("Plaintiff" or "Dennery") brings this Class Action Complaint and Demand for Jury Trial against Defendant TF Group, LLC d/b/a Taycor Financial ("Defendant" or "Taycor Financial") to stop the Defendant from violating the Telephone Consumer Protection Act by making pre-recorded calls to cellular telephone numbers without consent. Plaintiff also seeks injunctive and monetary relief for all persons injured by Defendant's conduct. Plaintiff Dennery, for this Complaint, alleges as follows upon personal knowledge as to himself and

his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## PARTIES

1. Plaintiff Alex Dennery is a resident of Philadelphia, Pennsylvania.

2. Defendant Taycor Financial is a California registered company headquartered in El Segundo, California. Defendant Taycor Financial conducts business throughout the United States.

## JURISDICTION AND VENUE

3. This Court has Federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").

4. This Court has personal jurisdiction over the Defendant and venue is proper since the Defendant resides in this District and made calls from this District.

## INTRODUCTION

5. As the Supreme Court recently explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress

have been fighting back." *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at *5 (U.S. July 6, 2020).

6. When Congress enacted the TCPA in 1991, it found that Americans were receiving more than 18 million robocalls every day. 105 Stat. 2394 at § 2(3).

7. By 2003, due to more powerful autodialing technology, Americans were receiving more than 100 million robocalls every day. In re Rules and Regulations Implementing the TCPA of 1991, 18 FCC Rcd. 14014, ¶¶ 2, 8 (2003).

8. The problems Congress identified when it enacted the TCPA have only grown exponentially in recent years.

9. Industry data shows that the number of robocalls made each month increased from 831 million in September 2015 to 4.7 billion in December 2018—a 466% increase in three years.

10. According to online robocall tracking service "YouMail," 4.1 billion robocalls were placed in July 2025 alone, at a rate of 135.1 million calls per day. www.robocallindex.com (last visited October 20, 2025).

11. The FCC also has received an increasing number of complaints about unwanted calls, with 150,000 complaints in 2016, 185,000 complaints in 2017, and 232,000 complaints in 2018. FCC, Consumer Complaint Data Center, www.fcc.gov/consumer-help-center-data.

12. "Robocalls and telemarketing calls are currently the number one source of consumer complaints at the FCC." Tom Wheeler, *Cutting off Robocalls* (July 22, 2016), statement of FCC chairman.[1]

13. "The FTC receives more complains about unwanted calls than all other complaints combined." Staff of the Federal Trade Commission's Bureau of Consumer Protection, *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* Notice of Proposed Rulemaking, CG Docket No. 02-278, at 2 (2016).[2]

## COMMON ALLEGATIONS

14. TF Group, LLC operates using the d/b/a Taycor Financial.[3]

15. Defendant Taycor Financial is an equipment leasing and financing company.[4]

16. Defendant Taycor Financial places cold calls to solicit its leasing and financing solutions.

17. Former Taycor Financial employees have posted job reviews online, discussing the cold calling they had to engage in to generate business, including:

---

[1] https://www.fcc.gov/news-events/blog/2016/07/22/cutting-robocalls
[2] https://www.ftc.gov/system/files/documents/advocacy_documents/comment-staff-ftc-bureau-consumer-protection-federal-communications-commission-rules-regulations/160616robocallscomment.pdf
[3] https://taycor.com/
[4] https://www.linkedin.com/company/taycor-financial/about/

**Pros**
good pay once you start landing accounts

**Cons**
low pay when base salary and lots of cold calling but overall worth it if you want to make money [5]

**Cons**
-Very early hours, but I guess you avoid traffic and get done earlier in your day.
-Lots of cold calls. LOTS. It's hard work but rewarding work. [6]

18. As a result of its cold calling practices, Defendant Taycor Financial uses pre-recorded calls to reach businesses and consumers *en masse*, as per Plaintiff's experience.

19. Neither Plaintiff nor the members of the proposed class ever consented to receive the telephone calls at issue.

20. In response to these calls, Plaintiff Dennery brings this case seeking injunctive relief requiring the Defendant to cease from violating the TCPA, and an award of statutory damages to the members of the Class and costs.

**PLAINTIFF DENNERY'S ALLEGATIONS**

21. Plaintiff Dennery is the subscriber of the cell phone number ending in 4998.

22. On September 17, 2025 at 11:45 AM, Plaintiff Dennery received an unsolicited call to his cell phone from 310-730-7622.

---

[5] https://www.glassdoor.com/Reviews/Taycor-Financial-Reviews-E15441_P4.htm?filter.iso3Language=eng
[6] https://www.glassdoor.com/Reviews/Taycor-Financial-everyone-Reviews-EI_IE15441.0,16_KH17,25.htm

23. This call was not answered, but a pre-recorded voicemail was left stating:

> "Hey, this is Nick with Taycor Financial. Hope you're doing well. Wanted to give you a shout, see what you got going on with the business here. I know we had taken a look at some funding for you in the past. Wanted to see what you got going on this year. If there's anything I can help you with, whether that's new equipment purchases, general working capital, I'm happy to do so. Give me a call when you can. Thank you."

24. In response to the voicemail, Plaintiff Dennery texted 310-730-7622 back stating, "lose this number" and "i am on the do not call list":




*Figure 1 - September 17, 2025*

25. Plaintiff Dennery believes that the voicemail is pre-recorded because it is generic and sounds scripted. It is also incorrect, as Plaintiff has never looked at funding through Taycor Financial before.

26. Plaintiff Dennery believes that the voicemail sounds like it could be used en-masse and left as a drop voicemail each time a consumer does not answer a call.

27. The voicemail clearly states that it was left by Nick from Taycor Financial.

28. On September 22, 2025 at 11:51 AM, Plaintiff Dennery received a 2nd unsolicited call to his cell phone from 310-730-7622.

29. When Plaintiff Dennery answered this call, an employee identified himself as Nick and said that he was calling from Taycor Financial to offer equipment financing and other financing solutions.

30. Plaintiff Dennery told Nick that his phone number is registered on the Do Not Call Registry and ended the call.

31. Plaintiff Dennery has never done any business with Defendant Taycor Financial or any of its related entities.

32. Plaintiff Dennery did not provide his consent to Taycor Financial to place pre-recorded calls, or any calls at all to his cell phone.

33. Plaintiff Dennery listened to the voicemail that was left by Taycor Financial.

34. The unauthorized solicitation telephone calls that Plaintiff received from Defendant, as alleged herein, have harmed Plaintiff Dennery in the form of annoyance, nuisance, and invasion of privacy, and disturbed the use and enjoyment of his phone, in addition to the wear and tear on the phone's hardware (including the phone's battery) and the consumption of memory on the phone.

35. Seeking redress for these injuries, Plaintiff Dennery, on behalf of himself and a Class of similarly situated individuals, brings suit under the TCPA.

## CLASS ALLEGATIONS

36. Plaintiff Dennery brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) and seeks certification of the following Class:

> **Pre-recorded No Consent Class:** All persons in the United States who from four years prior to the filing of this action through trial (1) Defendant (or an agent on Defendant's behalf) called on their cellular telephone number (2) using a pre-recorded voice message.

37. The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which either Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who

properly execute and file a timely request for exclusion from the Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against the Defendant have been fully and finally adjudicated and/or released. Plaintiff Dennery anticipates the need to amend the Class definitions following appropriate discovery.

38. **Numerosity and Typicality**: On information and belief, there are hundreds, if not thousands of members of the Class such that joinder of all members is impracticable, and Plaintiff is a member of the Class because he received calls as part of the same campaign resulting in calls to other Class members.

39. **Commonality and Predominance**: There are many questions of law and fact common to the claims of the Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

(a) whether Defendant made calls using a pre-recorded voice to cellular telephone numbers without consent;

(b) whether Defendant's conduct constitutes a violation of the TCPA; and

(c) whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

40. **Adequate Representation**: Plaintiff Dennery will fairly and adequately represent and protect the interests of the Class and has retained counsel competent and experienced in class actions. Plaintiff Dennery has no interests antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff. Plaintiff Dennery and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and have the financial resources to do so. Neither Plaintiff Dennery nor his counsel have any interest adverse to the Class.

41. **Appropriateness**: This class action is also appropriate for certification because Defendant acted or refused to act on grounds generally applicable to the Class and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Class uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class as wholes, not on facts or law applicable only to Plaintiff Dennery Additionally, the damages suffered by individual members of the Class will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Class to obtain effective relief from Defendant's misconduct on an individual basis.

A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

**<u>FIRST CLAIM FOR RELIEF</u>**
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff Dennery and the Pre-recorded No Consent Class)**

42. Plaintiff repeats and realleges the prior paragraphs of this Complaint and incorporates them by reference herein.

43. Defendant Taycor Financial transmitted unwanted solicitation telephone calls to Plaintiff Dennery and the other members of the Pre-recorded No Consent Class using a pre-recorded voice message.

44. These pre-recorded voice calls were made *en masse* without the prior express consent of the Plaintiff Dennery and the other members of the Pre-recorded No Consent Class.

45. Defendant has, therefore, violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Defendant's conduct, Plaintiff Dennery and the other members of the Pre-recorded No Consent Class are each entitled to a minimum of $500 in damages, and up to $1,500 in damages, for each violation, as well as injunctive relief.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Dennery individually and on behalf of the Class, prays for the following relief:

a) An order certifying this case as a class action on behalf of the Class; appointing Plaintiff as the representative of the Class; and appointing his attorneys as Class Counsel;

b) An award of damages and costs;

c) An order declaring that Defendant's actions, as set out above, violate the TCPA;

d) An injunction requiring Defendant to cease all unsolicited calling activity, and to otherwise protect the interests of the Class; and

e) Such further and other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Dennery requests a jury trial.

**ALEX DENNERY**, individually and on behalf of all others similarly situated,

DATED this 2nd day of November, 2025.

By: /s/ *Rachel E. Kaufman*
Rachel E. Kaufman

KAUFMAN P.A.
237 S Dixie Hwy, Floor 4
Coral Gables, FL 33133
Telephone: (305) 469-5881
Email: Rachel@kaufmanpa.com

*Attorney for Plaintiff and the putative Class*